IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


MICHAEL EUGENE HALE                                                          PLAINTIFF

v.                              Civil No. 5:24-cv-05117-TLB-CDC

KARAS CORRECTIONAL HEALTH
(KCH); SHERIFF JAY CANTRELL,
Washington County, Arkansas;
PARAMEDIC DUSTIN SANDERS, KCH;
KELLIE HINLEY, Head of Medical, KCH;
PARAMEDIC JORDAN PREVANAS,
KCH; PARAMEDIC JACK SMOTHERS,
KCH; and PARAMEDIC JUSTYN
MCENTIRE, KCH                                                              DEFENDANTS


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions

of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District

Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation. Currently before the Court is Plaintiff Michael Eugene Hale's Motion to

Reopen Case (ECF No. 43). For the reasons given below, the undersigned recommends that the

Motion be DENIED.

**I. BACKGROUND**

Plaintiff originally filed this lawsuit on May 28, 2024, alleging that while he was

incarcerated at Washington County Detention Center ("WCDC") he was denied adequate medical

care in violation of his constitutional rights. *See generally* ECF No. 1. Several months later, on

September 23, 2024, he called this Court's Clerk's Office and advised that he had been released

from custody and provided his new address. *See* ECF No. 37, p. 1. As he was proceeding *in forma*

*pauperis* ("IFP"), the Court entered an Order directing him to submit a new IFP application

1

reflecting his free-world financial status, and giving him a deadline of November 19, 2024 by which to either submit the new IFP application or pay the $350 filing fee.  *See* ECF No. 30. Plaintiff failed to meet this deadline, so the Court entered an Order directing him to show cause no later than December 12, 2024, why he had not obeyed the previous Order, and warning that if he did not do so then this case "shall be subject to dismissal."  *See* ECF No. 32.  Plaintiff also failed to file any response to the show-cause Order; so on February 13, 2025, this case was dismissed without prejudice for failure to prosecute and failure to comply with court orders.  *See* ECF Nos. 37, 40.

On November 7, 2025, Plaintiff filed the instant Motion to Reopen Case (ECF No. 43). However, several weeks later he also filed a Notice of Appeal (ECF No. 44) from this Court's dismissal for failure to prosecute.  While his appeal was pending before the Eighth Circuit, this Court was divested of jurisdiction to rule on Plaintiff's Motion to Reopen.  *See, e.g.*, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  On February 13, 2026, the Eighth Circuit entered its Mandate dismissing Plaintiff's appeal as untimely, *see* ECF No. 53, thereby restoring jurisdiction of the case to this Court.  Plaintiff's Motion is now ripe for decision.

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" when the Court, in its discretion, finds that a reason justifies providing such relief.  *See* Fed. R. Civ. P. 60(b).  However, the Eighth Circuit has cautioned that "Rule 60(b) provides for extraordinary relief which may be granted only upon

an adequate showing of exceptional circumstances."  *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal quotation marks omitted).

### III.  ANALYSIS

Plaintiff's Motion claims that the reason he missed the deadlines discussed above in Section I of this Report and Recommendation is that "[w]hile I was at the Returning Home NWA in Huntsville, my correspondence with your court . . . was being stopped."  He continues:

> I am unable to tell you why or give a reason.  The mail that was being mailed was not sent due to staff preventing my communication.  I was a residen[t] at the time when mail was being returned.  My mail should have been delivered to me.  It was not.

(ECF No. 43, p. 1).

The undersigned has reviewed the docket for the Arkansas state-court criminal case of *State v. Michael Eugene Hale*, Case No. 72CR-23-1709.  Filings in that case indicate that on September 9, 2024, Plaintiff was sentenced to probation and ordered at that time to "successfully complete Returning Home/CAP program," *see* Sentencing Order filed Sept. 12, 2024, but that on February 3, 2025, the State filed a motion to revoke his probation because, among other things, "he was discharged from the Returning Home program unsuccessful due to his non-compliance," *see* Revocation Petition filed Feb. 3, 2025.  Notably, in the instant matter, this Court's Orders directing Plaintiff to submit a new IFP application and then to show cause for failing to do so were mailed to Plaintiff and were not returned as undeliverable.  However, the undersigned's January 21, 2025 Report and Recommendation (which recommended dismissal of this case for failure to prosecute) *was* returned as undeliverable.  *See* ECF No. 39.  Likewise, the February 13, 2025 Order adopting that recommendation and dismissing this case was returned as undeliverable.  *See* ECF No. 41.  This is consistent with the timeline from Plaintiff's state-court criminal case discussed above, indicating that the reason Plaintiff failed to receive the aforementioned Report and Recommendation and Order adopting it was *not* that staff at Returning Home withheld those items

from him—rather, Plaintiff did not receive them because he no longer lived there and had failed to update this Court regarding his new address (as he had previously been directed to do, *see* ECF No. 3).

This Court's January 21, 2025 Report and Recommendation discussed the various deadlines that Plaintiff had missed, and also explained that he had fourteen days following that Report's filing within which to submit objections to it. *See generally* ECF No. 37. If Plaintiff had timely updated the Court regarding his new address, then he would have received a copy of that Report and Recommendation, if not on the first mailing then certainly on a subsequent one. This, in turn, would have given him the opportunity to file objections and potentially even to cure his previous lack of compliance. Plaintiff was undoubtedly aware of his obligation to keep the Court timely apprised of any changes in his address, as evidenced by the fact that he had previously complied with this obligation on September 23, 2024. Indeed, and somewhat ironically, that initial act of compliance is what set in motion this entire chain of events which eventually led to his case's dismissal. Furthermore, Plaintiff demonstrated awareness of this requirement again nine months after this case was dismissed, when he filed not only the instant Motion to Reopen but also a Notice of Change of Address (ECF No. 46) informing the Court that he was back in WCDC.

The undersigned can only conclude from these facts that, for whatever reason, Plaintiff simply lost interest in this lawsuit once he was released from WCDC and chose not to prosecute it while he was in the free world, and only recovered interest in this lawsuit once he returned to WCDC. The undersigned does not believe this constitutes the sort of "exceptional circumstances" that would warrant granting the "extraordinary relief" of reopening this case that Plaintiff requests.

### IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff Michael Eugene Hale's Motion to Reopen Case (ECF No. 43) be **DENIED**.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **22nd day of April 2026**.

/s/ *Christy Comstock*

HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE